UNITED STATES of America, Plaintiff,

v.

**Joseph James VIVONE, Defendant.**

No. 4:06–cr–00071.

United States District Court, S.D. Iowa, Central Division.

Jan. 22, 2007.

Clifford D. Wendel, U.S. Attorney's Office, Des Moines, IA, for Plaintiff.

---

James F. Whalen, Federal Public Defender, Des Moines, IA, for Defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

PRATT, Chief Judge.

### I. PROCEDURAL BACKGROUND

Before the Court is a Motion to Dismiss filed by the Defendant, Joseph James Vivone, on October 25, 2006. Clerk's No. 18. The Government filed a Response on November 13, 2006. Clerk's No. 21. A hearing on this matter was held on December 11, 2006. Clerk's No. 28. The matter is fully submitted.

### II. FACTUAL BACKGROUND

On April 12, 2006, the Grand Jury for the Southern District of Iowa returned a three count indictment charging the Defendant with being a prohibited person in possession of a firearm; possession of a firearm with an obliterated serial number; and being a drug user in possession of a firearm (the "Indictment"). At the time of his indictment, the Defendant was serving a state prison sentence at the Iowa State Penitentiary in Fort Madison, Iowa. On April 13, 2006, a detainer was lodged against the Defendant by the United States Marshal. On April 19, 2006, the Defendant executed a form provided by the United States Marshals (Form No. 17) and demanded trial on the indictment within 180 days, pursuant to the Interstate Agreement on Detainers Act (the "IAD"), 18 U.S.C.App. 2, Art. III(a). The United States Attorney's Office for the Southern District of Iowa received the signed form and demand on approximately April 28, 2006.

The Defendant made his initial appearance and was arraigned before a Magistrate Judge in the Southern District of Iowa on October 18, 2006. At that time, the Defendant moved for dismissal of the indictment on the grounds that the Government had violated his rights under the IAD. At that time, the Defendant also declined to execute a written waiver of his right under the Speedy Trial Act to not be tried for thirty days. See 18 U.S.C. § 3161(c)(2) ("Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se."). Pursuant to the Defendant's trial demand under the IAD, the 180-day period in which to try the Defendant expired on October 25, 2006.

Due to the impending deadline, on October 19, 2006, the Government filed a Motion to Set Trial. Clerk's No. 13. The Court held a hearing with counsel for both parties on October 20, 2006. Clerk's No. 16. At the hearing on the Motion to Set Trial, the Court, after conferring with counsel for both parties, found that good cause existed to continue the trial date. See 18 U.S.C.App. 2, Art. III(a) (permitting the Court to continue the trial date if "good cause" exists to do so). Specifically, the Court found that neither party could realistically be prepared for trial by October 25, 2006, and that the difficulty in obtaining a jury pool on such short notice necessitated a continuation of the trial date.

### III. ANALYSIS

The Defendant argues that the Government violated his rights by forcing him to choose between his right to a speedy trial under the IAD and his right to be adequately prepared for trial guaranteed by the thirty-day waiting provision of the Speedy Trial Act. Put another way, the Defendant argues that because the Gov-

ernment knew the Defendant had a right not to be tried for thirty days after his initial appearance under the Speedy Trial Act, and because the Government knew the Defendant invoked his right to a trial within 180–days under the IAD, the Government had a duty to return the Defendant to the Southern District of Iowa with sufficient time remaining before the 180–day deadline such that the Defendant's rights under the Speedy Trial Act could also be honored within that 180–day time period, i.e. the Defendant should have been returned to the Southern District of Iowa within 150 days of his trial demand. The Defendant argues that under these circumstances, dismissal of the Indictment with prejudice is the only effective remedy for the claimed Government misconduct. The Government counters by pointing out that the Defendant was returned to the District within the 180–day period, the Government moved to set trial for a date within that period, and that the 180–day time limit was regardless tolled by the Defendant's Motion to Dismiss or the Court's continuance of the trial for good cause, meaning no violation of the law has occurred and dismissal is unwarranted.

"The Interstate Agreement on Detainers (IAD) is a compact ... to establish procedures for resolution of one State's [or·the Federal Government's] outstanding charges against a prisoner of another State [or the Federal Government]." *New York v. Hill,* 528 U.S. 110, 111, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000); *see also United States v. Mauro,* 436 U.S. 340, 353–56, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978) (noting that the Agreement binds the United States of America as well as the individual states, whether the United States is the sending or receiving entity). Article III(a) of the IAD provides that a prisoner " 'shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prose-

cuting officer and the appropriate court of the prosecuting officer's jurisdiction, written notice of the place of imprisonment and his request for a final disposition to be made of the indictment. . . .' " *Fex v. Michigan,* 507 U.S. 43, 45 n. 1, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993) (quoting 18 U.S.C.App. § 2, Art. III(a)). Here, the Government received notice of the Defendant's jury trial demand on approximately April 28, 2006, meaning the Defendant should have been brought to trial by October 25, 2006 to comply with his demand under the IAD. The IAD permits trial after the 180–day period, however, by allowing that "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." *Hill,* 528 U.S. at 112, 120 S.Ct. 659 (citing 18 U.S.C.App. § 2, Art. III(a)).

In this case, the Court found good cause existed to continue the trial after conferring with counsel for the United States and the Defendant at the hearing on the Government's Motion to Set Trial. The Government's Motion was filed, and hearing on the Motion occurred, on October 20, 2006, five days before the expiration of the 180–day period. Counsel for both the United States and the Defendant were present, and both parties informed the Court that neither side could be adequately prepared for trial in such a short period of time. *See* Clerk's No. 17 (Order finding good cause to continue the trial date to the December trial period). To assure the Defendant the ability to investigate and prepare a defense, and because of the logistical difficulty of obtaining a jury pool on such short notice, the Court continued the trial until the December trial period via an Order issued on October 20, 2006. *Id.* Consequently, because the 180–day period had not yet expired when the Court

issued the Order finding good cause to continue the trial under the provisions of the IDA, no violation of the IDA has occurred, and the Defendant's rights under the IDA have not been violated. The Court's continuance for good cause tolled the 180–day period, and the two subsequent continuances in this case were both granted on motions filed by the Defendant.

The Defendant also raises an argument concerning the relationship between the IDA and the Speedy Trial Act. The Defendant argues that the Government's act of bringing him to the Southern District of Iowa and moving to set trial within the 180–day period is insufficient given that the Government knew the Speedy Trial Act does not permit trial until thirty days after a defendant's initial appearance. The Defendant argues that, because the Government is aware of the Speedy Trial Act provisions, it has essentially forced the Defendant to waive either his right to be tried under the IDA within 180–days, or waive the thirty-day waiting provision of the Speedy Trial Act.[1] The Court does not believe the interplay between the IDA and the Speedy Trial Act has prejudiced the Defendant's rights under either Act in any way.

As noted above, because the IDA 180–day time period in which to bring the Defendant to trial was tolled by the Court's Order finding good cause to continue the trial, the Defendant's rights under the IDA have not been violated. Due to the continuance for good cause, the Defendant was not forced to waive his right not to be tried for thirty days under the Speedy Trial Act. Furthermore, the Defendant's right to a thirty-day wait is waivable, *see* 18 U.S.C. § 3161(c)(2) (permitting waiver of the thirty-day wait on written consent of a defendant), and the remedy for any actual violation of the thirty-day provision of the Speedy Trial Act is a continuance rather than dismissal. *See United States v. Mancias*, 350 F.3d 800, 810 (8th Cir.2003) (noting "the correct remedy" for bringing a defendant to trial before thirty days have elapsed from his initial appearance through counsel "is for the defendant to make and for the district court to grant a motion for continuance . . . if the defendant's ability to defend against the charge has in fact been prejudiced"). The purpose behind the IDA is to ensure that incarcerated defendants receive "an expeditious and orderly disposition of charges . . . and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." 18 U.S.C.App. § 2, Art. I. The purpose behind the thirty-day waiting provision of the Speedy Trial Act is to ensure that criminal defendants have time to adequately prepare for trial after receiving notice of the charges they face. Both purposes were met in this case.

The Defendant has received the good cause continuance issued by the Court's Order, along with two subsequent continuances of the trial date granted on his motions, based on the exact concern underlying the thirty-day provision of the Speedy Trial Act. Because he has not suffered a deprivation of the right to be adequately prepared for trial in this case, the concern underlying the thirty-day waiting provision of the Speedy Trial Act is not implicated. Furthermore, because the IDA time period was tolled by the Court's Order, and because the Defendant re-

---

**1.** The Court notes that the Speedy Trial Act requires federal criminal defendants to be tried within seventy days of the filing of an indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c)(1). As the Defen-

dant was arraigned on October 18, 2006, and all subsequent continuances count as excludable time under 18 U.S.C. § 3161(h)(8)(A), the seventy day requirement has not been implicated in this case.

ceived his thirty days to prepare his defense, the Defendant has suffered no harm in this case. The Court, therefore, need not address the argument that the Defendant was forced to choose between his rights under the IDA and the Speedy Trial Act, because no such choice was made in this case. The Defendant has not suffered any harm or prejudice under either Act, meaning no issue exists for the Court to redress.

## IV. CONCLUSION

Accordingly, because the IDA has not been violated in this case, the Defendant's Motion to Dismiss is DENIED. Trial on the matter shall proceed as currently scheduled.

IT IS SO ORDERED.